### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CHAUNCEY MONROE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 2:22-CV-02166** |
| v. ) | |
| ) | |
| **PROPAK LOGISTICS, INC.** ) | Removed from the District Court of |
| ) | Wyandotte County, Kansas |
| **Defendant.** ) | Case No.: 2022-CV-000213 |

### NOTICE OF REMOVAL

**TO:  THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Propak Logistics, Inc. (hereinafter referred to as "Defendant" or "Propak") hereby removes to the United States District Court for the District of Kansas the action styled *Chauncey Monroe v. Propak Logistics, Inc.*, Case No. 22CV00213, from the District Court of Wyandotte County, Kansas. Defendant states the following in support of removal:

### STATE COURT ACTION

1. On April 7, 2022, Plaintiff Chauncey Monroe ("Plaintiff") commenced this matter by filing his Petition in the case styled *Chauncey Monroe v. Propak Logistics, Inc.*, Case No. 22CV00213, in the District Court of Wyandotte County, Kansas (the "State Court Action").

2. Plaintiff's Petition for Damages in the State Court Action asserts claims arising under Kansas and federal law.

3. Removal is timely if it is filed within thirty (30) days after a defendant receives a copy of an initial pleading "through service or otherwise." 28 U.S.C. §§ 1441 and 1446.

4. Defendant was served with summons and the Petition on or about April 7, 2022. Defendant first received notice of Plaintiff's Petition on April 7, 2022.

5. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. As such, Defendant may remove this action under 28 U.S.C. §§ 1441 and 1446.

6. Further, this Court has original jurisdiction because the cause of action contains federal questions pursuant to 28 U.S.C. § 1331. As such, Defendant may remove this action under 28 U.S.C. §§ 1441 and 1446.

## PAPERS FROM REMOVED ACTION

7. A true and correct copy of the Petition from the State Court Action is attached hereto as Exhibit A.

## REMOVAL IS TIMELY

8. A Notice of Removal is required to be filed within thirty (30) days of the defendant receiving a copy of an initial pleading "through service or otherwise." 28 U.S.C. § 1446(b).

9. Defendant first received notice of Plaintiff's Petition on April 7, 2022. Thirty days after April 7, 2022, is May 7, 2022.

10. This Notice of Removal is being filed on or before May 7, 2022.

## VENUE REQUIREMENT IS MET

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that this Court is the United States District Court in which a substantial part of the events or omissions giving rise to Plaintiff's alleged claims occurred.

DIVERSITY JURISDICTION EXISTS

12. Upon information and belief, and based on allegations contained in Plaintiff's Petition, ECF 1-1, Paragraph 1, Plaintiff is a citizen of the State of Missouri.

13. To establish that complete diversity of citizenship exists for this controversy, Defendant provides the following information:

 a) Defendant is a corporation organized and existing under the laws of the State of Arkansas and maintains its principal office and place of business in the State of Arkansas.

 b) Propak's principal place of business is not in the State of Kansas, and Defendant is neither a citizen nor a resident of the State of Kansas.

14. Accordingly, there exists complete diversity of citizenship in this matter. *See* 28 U.S.C. § 1332(c).

AMOUNT IN CONTROVERSY EXCEEDS $75,0000

15. A district court has original diversity jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…." 28 U.S.C. § 1332(a). A "defendant seeking removal need only include in the notice of removal a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 87 (2014). "The amount in controversy is determined by the complaint, if dispositive." *Freebird, Inc. v. Merit Energy Co.*, 597 F. Supp. 2d 1245, 1247 (D. Kan. 2009). "In Kansas, a plaintiff may only generically assert damages exceeding $75,000 in lieu of a specific amount if he or she actually seeks damages exceeding $75,000." *Lafferty v. Liberty Mut. Ins. Co.*, No. CV 20-2485-KHV, 2020 WL 6708629, at *2 (D. Kan. Nov. 16, 2020) (finding jurisdictional amount was satisfied when the plaintiff's state court petition alleged that he

3

was seeking "damages exceeding $75,000"). Kan. Stat. Ann. § 60-208(a)(2) provides that "[e]xcept in contract actions, every pleading demanding relief for money damages in excess of $75,000, without demanding a specific amount of money, must state only that the amount sought as damages is in excess of $75,000." On the other hand, if the plaintiff is seeking $75,000 in damages or less, the plaintiff "must specify the amount sought as damages." *Id.*

16. In the Petition, Plaintiff explicitly "prays for judgment against the Defendant in an amount in excess of $75,000" for his wrongful discharge claim. *See* ECF 1-1, Petition, WHEREFORE clause following ¶¶ 74 and 89.

17. Based on allegations contained in the face of the Petition and Plaintiff's prayer for judgment in excess of $75,000, a fact finder could legally conclude that the amount in controversy for his claim exceeds $75,000.

## FEDERAL QUESTION JURISDICTION EXISTS

18. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1331 (federal question) and may be removed to this Court on this alternative basis pursuant to 28 U.S.C. §§ 1441 and 1446.

19. Removal of a state court action without regard to citizenship of the parties is appropriate if the suit could have been brought in federal district court, as "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b).

20. Courts are "guided generally by the 'well-pleaded complaint' rule, under which a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Turgeau v. Admin. Rev. Bd.,* 446 F.3d 1052, 1060 (10th Cir. 2006).

21. "If any one claim within Plaintiff's complaint supports federal question jurisdiction, a federal court may assert jurisdiction over all the claims, including any alleged state-

4

law claims, arising from the same core of operative facts." *Gilmore v. Weatherford,* 694 F.3d 1160, 1176 (10th Cir. 2012).

22.	Plaintiff raised claims arising under a federal statute the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, for relief in his Petition.  ECF 1-1, ¶¶ 75-89).

23.	Therefore, because Plaintiff has claimed the alleged adverse action of the Defendant includes, among other things, violation of his rights arising under the ADA, a federal statute, and he is seeking relief under the ADA, the Court will have to resolve a substantial question of federal law.

## REMOVAL IS PROPER

24.	Removal is proper in that: (i) this action is a civil action pending within the jurisdiction of the District Court of Wyandotte County, Kansas; (ii) this action could have been brought in federal court; and (iii) the parties are completely diverse; and (iv) the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1441 and 1446.

25.	Further, removal is proper in that Plaintiff asserts a claim that arises under the Americans with Disabilities Act, a federal statute.

26.	The U.S. District Court for the District of Kansas is the appropriate court for removing this action.  *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## FILING OF REMOVAL PAPERS

27.	Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the District Court of Wyandotte County, Kansas, as required by 28 U.S.C. § 1446(d).

## DESIGNATION OF PLACE OF TRIAL

28.	Defendant hereby designates Kansas City, Kansas, as the place for trial.

WHEREFORE, Defendant hereby removes the above-captioned action from the District Court of Wyandotte County, Kansas, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

/s/ *Anne E. Baggott*
Anne E. Baggott, KS #23629
Abbey M.B. Lee, KS #28738
HALBROOK WOOD, PC
3500 West 75th Street, Suite 300
Prairie Village, Kansas 66208
TEL: (913) 529-1188
FAX: (913) 529-1199
E-MAIL: abaggott@halbrookwoodlaw.com
E-MAIL: alee@halbrookwoodlaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of May 2022, the foregoing was electronically filed via the Court's e-filing system and served via e-mail to the following counsel of record.

Daniel L. Doyle
Robert A Bruce
DOYLE & ASSOCIATES LLC
748 Anne Avenue
Kansas City, KS 66101
(913) 371-1930
(913) 371-0147 Facsimile
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
**ATTORNEYS FOR PLAINTIFF**

/s/ *Anne E. Baggott*
Attorney for Defendant